## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIZABETH A. REYNOLDS a/k/a ELIZABETH A. HICKMAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>METROPOLITAN COMMUNITY COLLEGE,<br><br>　　　　　Defendant. | 8:05CV362<br><br>PROTECTIVE ORDER |

　　　　This matter is before the court on the joint motion for a protective order (Filing No. 14). The Plaintiff and the Defendant in this matter ("the Parties") agree that certain documents, tangible things, testimony and other information that may be produced or used during this lawsuit may be sensitive, confidential, proprietary or otherwise appropriate for protective order.

　　　　**IT IS ORDERED:**

　　　　1.　　The joint motion for a protective order (Filing No. 14) is granted as set forth below.

　　　　2.　　For purposes of this Protective Order, "Confidential Information" shall mean and include:

　　　　　　　　a.　　All personnel information maintained by the Defendant concerning any employee, whether current or former, of Defendant.

　　　　　　　　b.　　All information relating to or identifying any student, whether current or former, of Defendant, to the extent such information is protected by the Family Educational Rights and Privacy Act ("FERPA").

　　　　3.　　All documents, tangible things, testimony or other information designated as "Confidential" shall be used only in the course of the proceedings in this case. All documents, tangible things, testimony or other information designated "Confidential" shall not be disclosed beyond disclosures made to the attorneys in the firms representing the parties in this case, their clerical and support staff, and the parties themselves. This

provision shall not prohibit either party from using Confidential Information during the course of these proceedings, including trial, so long as identifying information is removed or consent of the student to disclose identifying information is obtained.

4.      The inadvertent or unintentional production or disclosure of Confidential Information without being designated as Confidential Information at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality either as to the specific information produced or disclosed or as to any other information relating thereto or on the same or related subject matter.  Any action taken by the other Party prior to their notification of the inadvertent disclosure shall not constitute a violation of this Order; provided that a prompt, diligent effort is made by such Party to retrieve any such Confidential Information distributed to persons not entitled to receive such Confidential Information.

5.      If any party desires that this order cover documents filed with the Clerk of Court, such documents must be sealed with an appropriate external notice referring to this protective order specifically.  All such documents are to be filed with the Court in sealed envelopes marked "Confidential Information-Subject to Protective Order" as appropriate and with the following statement:

> *This package is sealed pursuant to an order of the Court and contains information protected from disclosure.  It is neither to be opened nor the contents displayed or revealed, except by an order of the Court or pursuant to stipulation of the Parties and is to be opened only as the Court directs.*

6.      Upon conclusion of this action, if requested, the parties shall return the originals and all copies of all documents, tangible things, testimony, or other information designated as "Confidential."  As far as the provisions of this or any other Protective Order entered in this action restricting the communication and-or use of any documents or information produced or disclosed thereunder, such order shall continue to be binding at the conclusion of this litigation except:

        a.      There shall be no restriction on documents that are used as exhibits in open court unless such exhibits were to be filed under seal; and

  b. A Party may seek written permission from the producing Party, or an order of the Court, with respect to dissolution or modification of such Protective Order.

7. Each person to whom Confidential Information is disclosed or made available shall be advised of this Order, the sanctions that can be imposed for its violation and that the material is being disclosed or made available subject to this Order.

8. Each person to whom Confidential Information or copies thereof are produced or otherwise disclosed shall take such other steps as are reasonably necessary to prevent the unauthorized disclosure, taking, or copying of such documents.  No person to whom Confidential Information is disclosed shall allow any summary to be made thereof or any excerpt to be taken therefrom except in accordance with this Order.

Dated this 26th day of January, 2006.

               BY THE COURT:

                s/Thomas D. Thalken
               United States Magistrate Judge


Prepared and Submitted by:

Carla Heathershaw Risko (NE #20396)
Fitzgerald Schorr Barmettler & Brennan, P.C., L.L.O.
13220 California Street, Suite 400
Omaha, Nebraska  68154-5228
(402) 342-1000
(402) 342-1025 fax
ATTORNEYS FOR DEFENDANT

Approved as to form and content:

Iris M. Arch Hunter
19770 Mynster Springs Road
Council Bluffs, IA 51503
(712) 256-1720
(712) 256-1721 fax
ATTORNEY FOR PLAINTIFF